OEHLHOF v. SOLOMON et al.

(Supreme Court, Appellate Term.   January 2, 1901.)

1. FRAUD—FALSE REPRESENTATION—DAMAGES—PUNITIVE.

Where plaintiff purchased the fixtures and good will of a meat business from defendants, who were husband and wife, on their promise to assign to him the lease of the shop where the business was carried on, representing, as an inducement to him to make the purchase, that they had a right to assign such lease, whereas, by its terms, they had no right to assign it without the landlord's consent, it was error, in an action for damages for false representations, to instruct that the jury might grant punitive damages to the amount of $1,200, if the representations were willfully made, and with knowledge that they could not be carried out, since there was nothing in the case to warrant the submission of such question to them.

2. SAME—JUDGMENT AGAINST DEFENDANT MAKING NO REPRESENTATIONS.

A judgment against the defendant wife was erroneous though she was interested in the business, the evidence not showing that she made any representations whatever.

Appeal from city court of New York, general term.

Action by Erhard Oehlhof against Herman Solomon and another. From a judgment of the general term (66 N. Y. Supp. 484) affirming a judgment in favor of plaintiff, defendants appeal.   Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

L. Lowenstein, for appellants.

Bennet & Silverman, for respondent.

PER CURIAM.   The plaintiff alleges that the defendants sold to him the fixtures, fittings, and good will of a meat business carried on by them, and promised to assign to him their lease of the shop in which the business was carried on; falsely representing, as an inducement to the plaintiff to make such agreement, that they, the said defendants, had a right to assign such lease, whereas, in fact, by the terms of the lease itself, they had no right to assign it, or to sublet the premises, without the consent of the landlord.   Our attention has been called to several alleged errors upon the trial, but it will not be necessary to examine all of them.   At the request of the plaintiff, the court charged the jury that they might grant punitive damages if they found that the representations had been made willfully, and with knowledge that they could not be carried out, up to the amount of $1,200.   This was clear error.   There was nothing in the case to warrant the submission of the question of punitive damages to the jury, and, from the very large verdict rendered, we cannot but assume that this error prejudiced the defendants.

The plaintiff insisted upon the trial, and still insists, that his action is for damages for false representation, and not for breach of contract.   If upon the facts of the case he can recover at all upon this theory, he certainly cannot so recover against the defendant Lena Solomon; for, although she may have been interested in the sale to plaintiff, the evidence fails to show that she had made any representations whatever.

The evidence as to a prior transaction, in which one Bollman was concerned, was improperly admitted; for it nowhere appears that

the landlord's aversion to permitting the store to be used for a butcher shop was ever communicated to the defendants.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellants in this court and in the court below to abide the event.